Marion H. Clarke, Ex. 
vs. } Law No. 63669
Lincoln Trust Company 

September 12, 1928.

WALSH, J. In this case the executor of the will of Charles Looff brought

an action of assumpsit soon after the latter's death, to recover from the defendant banking corporation a sum of money that was payable to him on demand at the time of his death, being the amount of a checking account. At that time he was indebted to the defendant in a somewhat larger amount on a promissory note which by its terms was not yet payable at the date when the action was brought.

The estate is insolvent and on April 26, 1925, three days before the action was brought, the defendant, as it contends, applied the amount of the checking account to the partial payment of the note, thereby so far setting off the one against the other and thus satisfying its indebtedness to the estate.

The principal, if not the only, question of law involved in the case is whether the defendant's contention is correct that it could thus set off an indebtedness to it on the note, which by its terms was not payable until after the date when the action was brought, against an account that was overdue at that date. It is clear that the set-off statute would not have permitted this to be done if the action had been brought by the testator just before his death, and the question is whether a different rule applies where the suit is brought by the executor of his will and his estate is insolvent.

The following Rhode Island cases are the only ones which have a bearing on the answer to this question.

> *Tobey* vs. *Manufacturers National Bank*, 9 R. I. 236;
> *Nightingale* vs. *Chafee*, 11 R. I. 609, 620;
> *Ellis* vs. *First National Bank*, 22 R. I. 565;
> *Hall* vs. *Greene*, 24 R. I. 287;
> *Troup* vs. *Mechanics National Bank*, 24 R. I. 377.

The first of these cases seems to be squarely in point in favor of the plaintiff in the present case and it seems to be supported by the third case above cited. The opinion in the last case seems to lay down an inconsistent doctrine.

It should be noticed, however, that the action there was not brought until after the indebtedness of the deceased to the defendant had become payable, so that it could have been the subject of a set-off if the deceased had lived and brought the action himself, and that the only question that the Court had to pass on to sustain the defendant's defense of a set-off was whether it was necessary for the defendant, in order to be able to use the deceased's indebtedness to him as the basis of a set-off, to have filed a claim for it against the estate of the deceased.

The Court properly held that it was not necessary and it did not have to overrule the Tobey case, first cited above, and it did not even mention it in the opinion.

Decision for the plaintiff for $6880.25 with interest from the date of the demand, April 18, 1925.

For plaintiff: Thos. F. Farrell and Wm. W. Moss.

For defendant: Pettine, Godfrey & Cambio.